**ACME FUR DRESSING CO., Inc. v. UNITED STATES.**

Civil Action No. 8612.

United States District Court
E. D. New York.

Nov. 4, 1948.

Milton M. Eisenberg, of Brooklyn, N.Y., for plaintiff.

H. G. Morison, Asst. Atty. Gen., and J. Vincent Keogh, U. S. Atty., and Nathan Borock, Asst. U. S. Atty., both of Brooklyn, N. Y. (Edward H. Hickey, Sp. Asst. to Atty. Gen., and Howard C. Wood, of New York City, Attorney, Department of Justice, of counsel), for defendant.

GALSTON, District Judge.

The matter for decision involves two cross motions, that by the plaintiff for part summary judgment, and that of the defendant for summary judgment, both pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. These motions will be disposed of in one opinion.

The action is for $32,042.24, brought under the War Contracts Hardship Claims Act of August 7, 1946, 41 U.S.C.A. § 106 note, for losses claimed to have been sustained under a contract of the petitioner with the War Department Army Air Forces. The contract was made in April, 1942, and related to the sale by the petitioner and purchase by the defendant of 500,000 square feet of sheep shearling. The contract price was $233,375. Article XVII of the contract related to the condition of delivery and provided that 50,000 square feet were to be delivered ninety days after the date of approval of the contract, 130,-000 additional one hundred and fifty days after; 160,000 additional two hundred and seventy days thereafter. These contract delivery provisions were not maintained. The first shipment was on June 27, 1942 of 918 skins, and the last on May 28, 1943 of 2008 skins and these with the intermediate deliveries made a total of 39,792 skins; the total number of square feet was 260,427½.

Under date of October 16, 1942, petitioner requested the War Department Army Air Forces to grant an increase in price because of alleged higher cost of raw merchandise and materials. This request was denied under date of November 7, 1942. On March 31, 1943 the contract was terminated.

Thereafter the petitioner filed a claim for relief under the War Contracts Hardship Claims Act, popularly known as the

Lucas Act. The amount of loss claimed in this action was included in the petitioner's termination claim, dated September 21, 1943, which was filed with the War Department Army Air Forces.

Attached to the affidavit of Konstantin Cieszko, president of the petitioner, is a copy of the supplemental agreement which settled the termination claim which had been filed by the petitioner under date of September 21, 1943. The terms of this supplemental agreement are important. In the recital clauses reference is made to Article XXII of the contract between the parties, which provides for termination in whole or in part for the convenience of the Government, and for the determination by negotiation of the amount payable on account of the incompleted portion of the contract and of other items. Then there follow binding provisions which adjust the rights of the parties. In Article II the contractor (i. e. the petitioner herein) agreed to and did accept the sum of $7,500 as full compensation for all of the contractor's costs, expenditures, liabilities, commitments and work done pursuant to the uncompleted portion of the contract and claims for interest with respect to the termination of the claim and "in full and complete settlement of all rights of the contractor and all obligations and liabilities of the Government * * * and * * * agrees to and does hereby release the Government from all further obligation and liability under the contract, and for interest upon the termination claim, except as might be otherwise provided hereinafter."

Thereafter there was no further claim filed by the petitioner for relief from losses until December 18, 1946, when the petitioner filed a claim under the Lucas Act. That claim was denied by the War Contracts Hardship Claims Board of the War Department on July 31, 1947, and accordingly the petitioner instituted this action on October 7, 1947.

The answer of the defendant denies liability and it now seeks summary judgment contending that the petitioner is barred from claiming relief under the Lucas Act for losses sustained under the contract by virtue of paragraph 204 of Executive Order Oct. 5, 1946, No. 9786, 11 F.R. 11553, because final action with respect to such claim was taken before August 14, 1945; secondly on the ground that the supplemental agreement of September 29, 1944 completely released and discharged its claim for losses sustained under the contract and hence has no equitable claim within the meaning of Section 1 of the Lucas Act. Also it is argued the petitioner would not have been granted relief under the First War Powers Act, 1941, 50 U.S.C.A.Appendix § 611, and therefore is barred from relief under the Lucas Act. Finally the defendant contends that the petitioner is not entitled to relief under the Lucas Act since following the final disposition of its claim on September 29, 1944, it failed to file any further written request with the department or agency concerned on or before August 14, 1945, as required by Section 3 of the Lucas Act, and paragraph 204 of the Executive Order 9786.

Section 3 of the Lucas Act, 41 U.S.C.A. § 106 note, provides in part:

"Claims for losses shall not be considered unless filed with the department or agency concerned within six months after the date of the approval of this Act, and shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945 * * *."

Paragraph 204 of the Executive Order reads:

"No claim for loss under any contract or subcontract of a war agency shall be received or considered unless a written request for relief with respect thereto was filed with such war agency on or before August 14, 1945".

■ I think it is clear that from the Cieszko affidavit final action was taken in respect to the plaintiff's letter of October 16, 1942, addressed to the War Department Air Corps, Material Division, by the letter of the Army Air Forces dated November 7, 1942, Exhibit B of the Cieszko affidavit. That would appear to be an indication of final action before V-J Day, August 14, 1945. Thus the plaintiff is barred by that part of paragraph 204 of the Executive Order 9786 which provides that

"No claim shall be considered if final action with respect thereto was taken on or before [August 14, 1945]."

Nor can plaintiff's termination claim dated September 21, 1943 be interpreted as a written request for relief as required by Sec. 3 of the Lucas Act. That request of plaintiff merely sought compensation pursuant to Article XXII, the termination article of the contract between the parties.

I agree with the decision of Judge Bell in Fogarty v. United States, D.C.D.Minn., 5th Div., 80 F.Supp. 90. The memorandum shows careful consideration of all of the objections raised by the petitioner in this suit; but the respondent's motion for summary judgment was granted. The judge held, in a state of facts quite similar to those presented herein, that the petitioner had failed to file any written request for relief of loss on or before August 14, 1945, and that the provisions of paragraph 204 of Executive Order 9786 barred the petitioner from the relief which he sought, and moreover that the compromise or settlement agreement between the petitioner and the Navy Department on February 20, 1945, with its release provisions, barred all claims which petitioner asserted in his action.

Accordingly the petitioner's motion for partial summary judgment is denied; and defendant's motion for summary judgment is granted.

Settle order on notice